OPINION
{¶ 1} Plaintiff-appellant Lynn Courtney appeals from the March 7, 2002, and March 27, 2002, Judgment Entries of the Stark County Court of Common Pleas, Family Court Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 4, 1999, appellant Lynn Courtney filed a Complaint for Divorce against appellee Lanita Courtney. As memoralized in an Agreed Final Judgment Entry of Divorce filed on April 28, 2000, the parties were granted a divorce on the ground of incompatibility. Pursuant to a Shared Parenting Plan, which was appended to and incorporated into the Judgment Entry of Divorce, the physical placement of the parties' two minor children alternated on a weekly basis. The Shared Parenting Plan further provided that appellant was to pay appellee "the sum of $144.00 per month, per child, as and for the support of the two children."
 {¶ 3} Subsequently, appellant, on or about May 11, 2001, filed an "Administrative Review/Modification Request" with the Stark County Child Support Enforcement Agency (CSEA). Appellant specifically requested an administrative review/modification of his child support order on the basis that his salary had decreased $79.00 per week, or $316.36 per month. The CSEA, pursuant to an Administrative Modification Recommendation dated September 18, 2001, recommended an increase in appellant's child support obligation to a total of $605.94 per month.
 {¶ 4} On September 21, 2001, appellant filed a "Motion to Modify Shared Parenting Plan with Regard to Child Support" in the Stark County Court of Common Pleas, Family Court Division. Appellant, in his motion, argued that the CSEA, in making its recommendation, had failed to consider the parties' Shared Parenting Plan. For such reason, appellant requested that the trial court reject the CSEA's modification recommendation and "keep Section 2 of the Shared Parenting Plan as it relates to child support." A hearing on appellant's motion was scheduled for November 20, 2001, but was later continued to January 22, 2002, upon appellee's motion. As memoralized in a Judgment Entry filed on January 7, 2002, the trial court canceled such hearing and ordered that the same be "merged" with a contempt hearing set for February 7, 2002.
 {¶ 5} Thereafter, a hearing was held on February 7, 2002, on appellee's November 15, 2001, motion for contempt, which alleged that appellant had failed to comply with specified court orders regarding the provision of insurance for the parties' minor child and "communication re companionship" and that appellant had failed to comply with a court order concerning the endorsement of the certificate of title to a motor vehicle. The trial court, in a February 7, 2002, entry, indicated that the "[c]hild support issue [was] argued and taken under advisement" at such hearing. The remaining contempt issues were set for an evidentiary hearing on March 7, 2002.
 {¶ 6} The parties appeared before the trial court again on March 7, 2002, for the contempt evidentiary hearing. In a Judgment Entry filed on March 7, 2002, the trial court stated as follows: "The court took plaintiff's 9-21-1 objection regarding CS [child support] issues under advisement and no ruling was ever made. The court reviewed the record regarding these issues. . . .The 9-21-1 Objections are overruled."
 {¶ 7} Following the March 7, 2002, hearing, appellant filed a motion requesting findings of fact and conclusions of law. After both parties submitted proposed findings of fact and conclusions of law, the trial court, pursuant to a Judgment Entry filed on March 27, 2002, adopted and approved appellee's proposed findings of fact and conclusions of law as the court's own.
 {¶ 8} It is from the trial court's March 7, 2002, and March 27, 2002, Judgment Entries that appellant now appeals, raising the following assignment of error:
 {¶ 9} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S OBJECTION TO THE CHILD SUPPORT ENFORCEMENT AGENCY ADMINISTRATIVE'S MODIFICATION RECOMMENDATION, WHICH RECOMMENDATION USED GUIDELINE COMPUTATIONS ONLY AND DID NOT CONSIDER THAT THERE WAS NO SUBSTANTIAL CHANGE OF CIRCUMSTANCES TO JUSTIFY AN INCREASE OF THE CHILD SUPPORT OBLIGATION."
 {¶ 10} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 11} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 12} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 13} Appellant in his sole assignment of error, argues that the trial court erred in overruling appellant's objection to the CSEA's modification recommendation regarding child support. According to appellant, the CSEA "used guideline computations only and did not consider that there was no substantial change of circumstances to justify an increase of the child support obligation."
 {¶ 14} As is stated above, after appellant filed his request for a review of his child support obligation, the CSEA, on or about September 18, 2001, issued a recommendation that appellant's child support obligation be increased from $288.00 per month to $605.94 a month. In response, appellant, on September 21, 2001, filed a motion with the Stark County Court of Common Pleas asking the trial court to reject the CSEA's recommendation. In essence, appellant, in his motion, alleged that he was entitled to a deviation from the child support amount based on the parties' Shared Parenting Plan, which alternated physical custody of the two minor children on a weekly basis.
 {¶ 15} R.C. 3119.60 through 3119.79 govern the administrative and judicial process of reviewing support orders. R.C. 3119.63 outlines the responsibilities of the Child Support Enforcement Agency when reviewing a court child support order. Such section states, in relevant part, as follows:
 {¶ 16} "The child support enforcement agency shall review a court child support order on the date established pursuant to section 3119.60 of the Revised Code for formally beginning the review of the order and shall do all of the following:
 {¶ 17} "(A) Calculate a revised amount of child support to be paid under the court child support order;
 {¶ 18} "(B) Give the obligor and obligee notice of the revised amount of child support, of their right to request an administrative hearing on the revised amount, of the procedures and time deadlines for requesting the hearing, and that the revised amount of child support will be submitted to the court for inclusion in a revised court child support order unless the obligor or obligee requests an administrative hearing on the proposed change within fourteen days after receipt of the notice under this division;
 {¶ 19} (C) Give the obligor and obligee notice that if the court child support order contains a deviation granted under section 3119.23 or 3119.24 of the Revised Code or if the obligor or obligee intends to request a deviation from the child support amount to be paid under the court child support order, the obligor and obligee have a right to request a court hearing on the revised amount of child support without first requesting an administrative hearing and that the obligor or obligee, in order to exercise this right, must make the request for a court hearing no later than fourteen days after receipt of the notice;. ." (Emphasis added).
 {¶ 20} Pursuant to R.C. 3119.64, "[i]f an obligor or obligee files a request for a court hearing on a revised amount of child support to be paid under a court child support order in accordance with section 3119.63
of the Revised Code and the rules adopted under section 3119.76 of the Revised Code, the court shall conduct a hearing in accordance with section 3119.66 of the Revised Code." (Emphasis added). The court, at such hearing, shall determine whether the revised amount of child support is appropriate and whether the amount of child support being paid under the court child support order should be revised. R.C. 3119.66.
 {¶ 21} While appellee, in its brief, contends that appellant never requested a hearing before the trial court following the CSEA's September 18, 2001, recommendation to determine whether the revised amount of child support was appropriate, we do not concur. As is stated above, appellant, on September 21, 2001, filed a "Motion to Modify Shared Parenting Plan with Regard to Child Support," in which, in essence, appellant requested a deviation from the child support to be paid under the court child support order since the CSEA had failed to take into account the parties' Shared Parenting Plan. Attached to appellant's motion was a "Notice of Hearing" prepared by appellant indicating that a hearing on appellant's motion was scheduled for November 20, 2001. As set forth above, such hearing was eventually continued until February 7, 2002, the hearing date on appellee's motion for contempt.
 {¶ 22} While the trial court, in its February 7, 2002, Judgment Entry, stated that the "[c]hild support issue [was] argued and taken under advisement", upon our review of the transcript of the February 7, 2002 hearing, we find that appellant's motion was never addressed by the trial court at such hearing. At the conclusion of the March 7, 2002, hearing, which was a continuation of the previous February 7, 2002, contempt hearing, the issue of appellant's motion was brought to the attention of the trial court. The following is an excerpt from the March 7, 2002, hearing:
 {¶ 23} "THE COURT: Now we're back on the record in this Courtney matter and apparently the parties have pointed out after the hearing that there is still a matter pending. What is it?
 {¶ 24} "PLAINTIFF: A Motion for Child Support. That the Child Support Agency did a reevaluation and didn't take into consideration the Court's Shared Parenting Plan that we have in that . . .
 {¶ 25} "THE COURT: You filed objections, right?
 {¶ 26} "PLAINTIFF: I did yes Your Honor.
 {¶ 27} "THE COURT: And when did we hear that do you remember?
 {¶ 28} "PLAINTIFF: It was set and then continued and the last time we heard it . . .
 {¶ 29} "ATTY HAURITZ: February the 7th 2000 [sic].
 {¶ 30} "THE COURT: Okay. I didn't make any reference in it did I. I didn't make any reference in the February 7th of what where the objection was. I'm trying to find the objection.
 {¶ 31} "ATTY HAURITZ: It said ah in the February 7th judgment entry the last sentence said the Child Support issue argued and taken under advisement.
 {¶ 32} "THE COURT: Must be looking at the wrong entry I don't see it.
 {¶ 33} "PLAINTIFF: You want to see a copy?
 {¶ 34} "THE COURT: Let me see what you got. There must be two entries from February 7th is that possible?
 {¶ 35} "PLAINTIFF: Yes it is Your Honor because the second one went ahead and.
 {¶ 36} "ATTY HAURITZ: yeah there was one that sentenced him to jail for thirty days and the other one let him out.
 {¶ 37} "THE COURT: Okay. I see them with you now. All right. Well the matter was already argued. I'm going to have to review the file and I'll make my decision on that ah promptly. . . ." Transcript of March 7, 2002, hearing at 6-7.
 {¶ 38} Upon our review of the record, we find that appellant's September 21, 2001, motion was never addressed at either the February 7, 2002, hearing or the March 7, 2002, hearing. In short, we find that the trial court never held a hearing on appellant's motion as mandated by R.C. 3119.64 after appellant, in such motion, requested a deviation in the amount of child support to be paid. As noted by appellant in his brief, "there was no evidence of any type — pro or con on increase or decrease (in child support) — taken by the Court from either party at either hearing."
 {¶ 39} Appellant's sole assignment of error is, therefore, sustained.
 {¶ 40} Accordingly, the judgment of the Stark County Court of Common Pleas, Family Court Division, is reversed and this matter is remanded to the trial court for a hearing on appellant's September 21, 2001, motion.
By Edwards, J., Gwin, P.J. and Farmer, J. concurs.
Topic: Child Support — Modification